IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BROSAMER & WALL, INC.,

    Plaintiff,

v.

INDIAN HARBOR INSURANCE COMPANY; and ZURICH AMERICAN INSURANCE COMPANY,

    Defendants.

No. C 19-01872 WHA

**ORDER GRANTING DEFENDANT INDIAN HARBOR'S MOTION FOR LEAVE TO FILE AMENDED ANSWER**

**INTRODUCTION**

In this insurance action, defendant insurer moves for leave to amend its answer to plaintiff's first amended complaint. To the extent stated below, the motion is **GRANTED**.

**STATEMENT**

The Santa Clara Valley Water District hired plaintiff Brosamer & Wall, Inc. to be its general contractor for portions of the Lower Berryessa Creek Flood Protection Project in Santa Clara County, California. Defendant Zurich American Insurance Company insured Brosamer against builders risk. Defendant Indian Harbor Insurance Company insured Brosamer against professional and contractor pollution legal liability, covering Brosamer for two separate periods, 2017–18 and 2018–19 (Dkt. No. 13 ¶¶ 16, 17, 21, 30).

In November 2018, the District accused Brosamer of using deficient materials on some of the levees within the project. Specifically, a pavement maintenance path and levees 11–14 side

slopes developed cracks. The District had previously rejected those levees in July 2018. The District demanded remediation. Ten days later, Brosamer filed an insurance claim with Indian Harbor under its 2018–19 policy (Dkt. No. 40-1). The operative complaint does not state when Brosamer filed an insurance claim with Zurich. In March 2019, Indian Harbor denied Brosamer coverage. In April 2019, Zurich also denied Brosamer coverage. Brosamer sent letters to both contesting their denials as improper. This action soon followed (Dkt. No. 13 ¶¶ 39, 40, 47, 48).

In June 2019, Indian Harbor conducted an examination under oath of a Brosamer representative. The examination showed that the person who filled out the 2018–19 policy application in August 2018 had previously known about the District's rejection (Dkt. No. 37-3).

In July 2019, all parties agreed on a joint discovery plan (Dkt No. 30-1). The initial case management conference occurred eight days later. The case management conference permitted the parties to move for leave to amend pleadings by October 31, 2019, and the fact discovery deadline became February 14, 2020 (Dkt. No. 32). At the end of July 2019, Indian Harbor sent Brosamer a supplemental coverage letter after reevaluating its position. The letter again denied Brosamer coverage (Dkt. 41-5 at 1–13).

Defendant Indian Harbor now seeks leave to amend its answer (Dkt. No. 37). Brosamer contests three of those amendments. *First*, Indian Harbor proposes adding an affirmative defense about a misstatement and omission in the 2018–19 policy application. The proposed amendment states in full: "Indian Harbor has no liability to Brosamer & Wall under the 2018–2019 policy because of a misstatement or omission in the application for that policy" (Dkt. No. 37-2 ¶ 111). *Second*, in a general allegation admission paragraph, Indian Harbor proposes adding the specific policy number that Brosamer tendered. The admission states in full: "Indian Harbor admits that Brosamer & Wall tendered to Indian Harbor a claim for insurance benefits *under policy number PEC004186705* with respect to the Project (the 'Claim'). Indian Harbor has neither knowledge nor information sufficient to form a belief about the remaining allegations contained in Paragraph 10, and therefore denies the allegations therein" (*id.* ¶ 10). *Third*, Indian Harbor added "Professional Loss" to one of its existing affirmative

2

defenses. The proposed amendment states in full: "Indian Harbor has no liability to Brosamer & Wall to the extent the claim does not involve 'Professional Service' or 'Professional Loss' under the policies" (*id.* ¶ 109). This order follows full briefing and oral argument (Dkt. Nos. 37, 39, 41).

**ANALYSIS**

Rule 15(a)(2) permits a party to amend its pleadings with the court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, four factors are considered: (1) prejudice to the opposing party; (2) undue delay; (3) futility of amendment; and (4) bad faith. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). This order holds that the proposed amendments are permitted, for the below reasons.

1. **AN AFFIRMATIVE DEFENSE ABOUT A MISSTATEMENT OR OMISSION ON THE 2018–19 POLICY APPLICATION.**

Indian Harbor proposes adding an affirmative defense that Brosamer misstated or omitted information in its 2018–19 policy application. Brosamer argues that Indian Harbor should have raised this defense earlier because it knew the facts beforehand. Brosamer also contends that the amendment contradicts Indian Harbor's prior legal theory. Here, the proposed amendment comes early in the case, and plenty of time remains to conduct discovery thereon.

During oral arguments, Brosamer cited to *Jackson v. Bank of Hawaii*. In *Jackson*, our court of appeals affirmed a district court's denial of the plaintiffs' motion to amend their complaint because the plaintiffs filed the motion nearly a year after discovery had concluded, which would have required the defendants to relitigate and caused them prejudice. 902 F.2d 1385, 1387–89 (9th Cir. 1990). In contrast to *Jackson*, nearly six months of the discovery period remained from when Indian Harbor moved to amend its answer. Brosamer has ample time for discovery and will not be prejudiced.

Furthermore, this amendment does not contradict Indian Harbor's earlier position. Brosamer cited to *AmerisourceBergen Corp. v. Dialysist West, Inc.*, another fact pattern that vastly differs from our situation. In *AmerisourceBergen*, the plaintiff wanted to completely

3

contradict its claim in its amendment after knowing the relevant facts for fifteen months. 465 F.3d 946, 953 (9th Cir. 2006). Here, however, Indian Harbor's position has remained consistent throughout this lawsuit. Indian Harbor already raised this affirmative defense as part of its "known circumstances or conditions" defense in its original answer. Indian Harbor reiterated this defense in its supplemental coverage letter. The amendment simply conforms the pleadings to the denial letter sent the previous month.

### 2. IDENTIFY THE TENDERED 2018–19 POLICY NUMBER IN A GENERAL ALLEGATIONS PARAGRAPH.

Indian Harbor's proposed amendment further identifies the tendered 2018–19 policy number in a general allegations paragraph. Brosamer argues that Indian Harbor knew Brosamer intended to claim under its 2017–18 policy because Brosamer stated so in its original and operative complaints and in an email dated March 2019. Brosamer contends that this amendment contradicts Indian Harbor's earlier position.

Without blessing the idea that an insurer can so easily deny coverage by seizing on an error in policy number by the insured, the amendment will be allowed. Conceivably, Brosamer misled Indian Harbor by putting down the wrong policy number. Discovery will develop the facts, and we are early in the process.

### 3. ADD "PROFESSIONAL LOSS" AS TO AN AFFIRMATIVE DEFENSE.

Indian Harbor seeks to add "Professional Loss" as to one of its existing affirmative defenses. Brosamer does not provide any support for why it opposes this amendment. It merely states that Indian Harbor should have asserted this defense earlier. As explained above, adding this minor clarification now does not make this amendment untimely or in bad faith. "Professional Loss" also falls under the "known circumstances or conditions" paragraph in its policy coverage. Indian Harbor already asserted its "known circumstances or conditions" defense in its original answer and in its July 2019 supplemental coverage letter. Therefore, this amendment is not new or inconsistent.

4

**CONCLUSION**

To the extent above stated, defendant Indian Harbor's motion for leave to file its amended answer is **GRANTED**. In light of the facts considered in this order, Brosamer's evidentiary objection is **OVERRULED** (Dkt. Nos. 37, 39, 41). Defendant Indian Harbor must file its amended answer within **SEVEN CALENDAR DAYS**.

**IT IS SO ORDERED.**

Dated: September 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE